UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRAY,<br><br>            Plaintiff,<br><br>     v.<br><br>B. BJORNSEN, et al.,<br><br>            Defendants. | No.  2:16-cv-0728 KJN P<br><br><br><br>ORDER |

I. Introduction

      Plaintiff is a state prisoner, proceeding without counsel.  Defendants removed this action from state court.  28 U.S.C. § 1446(a).  The original complaint presents a federal question on its face based on plaintiff's fourth claim that defendants violated his Eighth Amendment rights by failing to protect him from harm.  (ECF No. 1-1 at 11.)  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  As set forth below, plaintiff's complaint is dismissed with leave to amend.

II. Screening Standards

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

////

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

10 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

11 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

12 1227.

13      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

14 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

15 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

16 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

17 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

18 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

19 sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

20 facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

21 the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

22 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

23 In reviewing a complaint under this standard, the court must accept as true the allegations of the

24 complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

25 favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

26 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

27 ////

28 ////

III.  Discussion

Here, plaintiff appears to attempt to raise claims based on two separate incidents; first, an alleged failure to protect him from an inmate assault on September 18, 2014; and second, an alleged retaliatory cell search on May 3, 2014.  The complaint is difficult to parse because plaintiff included facts concerning both violations within the same claim on his state court form.  Because plaintiff initially filed his pleading in state court, it may be that he did not intend to raise a First Amendment claim based on alleged retaliation.  Thus, plaintiff is granted leave to amend so that he may clearly identify the constitutional claims he intends to raise, as well as identify the supplemental state law claims under 28 U.S.C. § 1367 that plaintiff wishes to pursue in this court.  As defendants, plaintiff names Correctional Officers B. Bjornsen, T. Ng, and S. J. Sangmaster, and Sgt. Rose.  Plaintiff also names the California Department of Corrections and Rehabilitation ("CDCR"), and Does 1 to 50.  The court addresses his claims and the named defendants below.

      A.  Eighth Amendment

Plaintiff alleges that on September 18, 2014, defendants Bjornsen, Ng, Sangmaster, Rose, and Does 1 to 10, knew "or are presumed to know" that plaintiff's safety was about to be breached, yet they conspired to carry out the specific assault of plaintiff's person by and through the use of inmate manipulation.  (ECF No. 1-1 at 8.)  Plaintiff claims that these defendants then deliberately covered up their violation.  (ECF No. 1-1 at 9.)  As a result, plaintiff alleges that he suffered a broken nose, psychological and emotional harm, upper and lower back pain, and anxiety attacks.  Plaintiff seeks money damages.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates.  See id. at 833.  The failure of a prison official to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met:  (1) the objective component -- the deprivation alleged must be sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); and (2)

////

the subjective component -- the prison official must possess a sufficiently culpable state of mind. See id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. Id. at 834 (citing Wilson, 501 U.S. at 298). With respect to the subjective component, the requisite state of mind depends on the nature of the claim. In prison conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (outdoor exercise); Farmer, 511 U.S. at 834 (inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health); Wilson, 501 U.S. at 302-03 (general conditions of confinement).

"Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

Deliberate indifference describes a more blameworthy state of mind than negligence. See Farmer, 511 U.S. at 835 (citing Estelle, 429 U.S. at 104). Negligence is not enough to amount to an Eighth Amendment violation. Farmer, 511 U.S. at 835. Deliberate indifference is not shown by merely stating that a defendant should have known of a risk, but requires an actual perception of a risk that does not exist merely because a reasonable person should have perceived a risk. Id. at 836.

Here, plaintiff's allegations are too vague and conclusory to state a cognizable Eighth Amendment claim. Plaintiff fails to allege specific facts as to each defendant, specifically explaining how his or her act or omission constitutes an Eighth Amendment violation. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 566 U.S. 662, 677, 129 S. Ct. 1937 (2009), citing Twombly, 550 U.S. at 555. "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal,

4

566 U.S. at 677-68, quoting Twombly, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 566 U.S. at 678.  Based on the lack of factual allegations, the court cannot determine whether each named defendant was personally involved in the alleged violation, or whether plaintiff is attempting to raise claims based on a defendant's supervisorial role.[1]  In addition, the court cannot determine whether each defendant acted with a culpable state of mind such that plaintiff can demonstrate deliberate indifference.

Moreover, it is unclear whether plaintiff contends that this incident is somehow related to the May 3, 2014 alleged cell-search incident.  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

---

[1] Supervisory personnel may not be held liable under § 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75("A prison official in a supervisory position may be held liable under § 1983... 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation.'") (quoting Lolli v. Cnty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

1  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of
2  defendants not permitted unless commonality and same transaction requirements are satisfied).
3         To the extent that plaintiff attempts to raise a cover-up claim, such allegation appears to
4  be premature. Allegations that officials engaged in a cover-up state a constitutional claim only if
5  the cover-up deprived plaintiff of his right of access to courts by causing him to fail to obtain
6  redress for the constitutional violation that was the subject of the cover-up. See Karim-Panahi v.
7  Los Angeles Police Dept., 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a
8  federally cognizable claim provided that defendants' actions can be causally connected to a
9  failure to succeed in the present lawsuit."); Rose v. City of Los Angeles, 814 F.Supp. 878, 881
10 (C.D. Cal. 1993). A cover-up claim is premature when, as here, plaintiff's action seeking redress
11 for the underlying constitutional violations remains pending. See Karim-Panahi, 839 F.2d at 625
12 (claim alleging police cover-up of misconduct was premature when action challenging
13 misconduct was pending); Rose, 814 F.Supp. at 881 ("Because the ultimate resolution of the
14 present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")

15     B.  First Amendment

16        In addition, plaintiff alleges that defendants T. Ng and B. Bjornsen, both correctional
17 officers, failed to ensure that plaintiff's cell door was secure after plaintiff's exit on six separate
18 occasions. On May 3, 2014, plaintiff allegedly told defendant Ng that plaintiff would be filing a
19 grievance based on their repeated breach of security. When defendant Bjornsen returned, plaintiff
20 also advised Bjornsen, and immediately thereafter, Bjornsen ordered plaintiff to exit his cell, and
21 then both Bjornsen and Ng searched plaintiff's cell "as a punitive measure," destroying his
22 personal property, and leaving his cell in "total destruction." (ECF No. 1-1 at 7.) Plaintiff
23 informed defendant Rose about the punitive search. After inspecting plaintiff's cell, plaintiff
24 alleges that Rose stated, "I don't think that Bjornsen and Ng did enough damage and they should
25 tear up your cell some more," thus acquiescing in the conduct of his subordinates. (ECF No. 1-1
26 at 7.)
27        "Prisoners have a First Amendment right to file grievances against prison officials and to
28 be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

(citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegations state potentially cognizable retaliation claims against defendants Bjornsen and Ng. Plaintiff's allegations as to defendant Rose, however, do not. Pursuant to Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011), a supervisory official may be liable for their own acquiescence or culpable indifference toward constitutional violations committed by others. However, here, defendant Rose's statement was made after the alleged injury was incurred; plaintiff alleges no facts demonstrating that defendant Rose acquiesced in the actions of defendants Bjornsen and Ng before or during the search. Although plaintiff claims that Rose was in the M-1 office during the allegedly punitive search, plaintiff alleges no facts suggesting that Rose knew Bjornsen and Ng were engaged in a punitive search. Moreover, Rose's verbal statement occurred after the alleged retaliatory cell search took place; thus, such statement, standing alone, is insufficient to show Rose was aware that defendants were engaged in a punitive search, or acquiesced in a punitive search. Because plaintiff may be able to allege facts showing defendant Rose's involvement, plaintiff is granted leave to amend his claim for relief against defendant Rose. Plaintiff should renew his retaliation claims against defendants Bjornsen and Ng.

C. State Law Claims

Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693, 700 96 S. Ct. 1155 (1976) ("Violation of local law does not necessarily mean that federal rights have been invaded."). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for

7

relief under federal law. See 28 U.S.C. § 1367.

In his complaint, plaintiff asserts various state law claims against the defendants. Plaintiff filed a government tort claim on December 18, 2014, which was rejected on March 19, 2015. (ECF No. 1-1 at 14-15.) The undersigned addresses plaintiff's state law claims below.

### i. Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law, the elements of negligence claims are: (1) A legal duty to use due care; (2) a breach of that duty; (3) the breach was a legal or proximate cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care. See Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (citation omitted); Brown v. Ransweiler, 171 Cal. App. 4th 516, 534, 89 Cal. Rptr. 3d 801 (2009).

Thus, plaintiff must show the defendant's act or omission (breach of duty) was a cause of the plaintiff's injury. Jackson v. Ryder Truck Rental, Inc., 16 Cal. App. 4th 1830, 1846 (1993). The element of causation generally consists of two components. Id. at 1847. The plaintiff must show (1) the defendant's act or omission was a cause in fact of the plaintiff's injury, and (2) the defendant should be held responsible for negligently causing the plaintiff's injury. Id. The second component evaluates whether the defendant should owe the plaintiff a legal duty of reasonable care under the circumstances of the case.

In connection with the alleged retaliatory cell search claim, plaintiff names defendants Bjornsen, Ng, Sangmaster, Rose, the CDCR, and Does 1 to 50. However, with the exception of defendants Bjornsen and Ng, plaintiff fails to allege facts demonstrating that each of these defendants breached their duty to plaintiff, or that such breach was the cause of his injury. Thus, plaintiff is granted leave to file an amended complaint to allege facts as to each named defendant, taking care to address each element of his negligence claim.

### ii. Intentional Tort

In the intentional tort portion of his complaint, plaintiff alleges that he has a right to be free from violence and the threat of violence pursuant to California Civil Code 51.7, and refers to the "Ralph" and "Bane" Acts. (ECF No. 1-1 at 8.) This claim is based on his allegation that

defendants owed plaintiff a duty to protect him from harm, but because defendants knew, or should have known, that plaintiff's safety was about to be breached, and all of the defendants allegedly conspired to carry out the assault on plaintiff by using inmate manipulation, defendants breached their duty to plaintiff resulting in his physical injuries.

California's Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all *business establishments* of every kind whatsoever." Cal. Civ. Code § 51 (West 2015) (emphasis added).  However, the undersigned is unaware of any court holding that a prison is a business establishment; to the contrary, numerous district courts have held that jails and prison are not business establishments and, as a result, are not subject to suit under § 51.  Taormina v. California Dept. of Corr., 946 F.Supp. 829, 834 (S.D. Cal. 1996); Huffman v. Parmo, 2013 WL 3795618, at *11 (S.D. Cal. 2013); Rocha v. Cnty. of Tulare, 2013 WL 4046373, at *9-10 (E.D. Cal. 2013); Wilkins-Jones v. Cnty. of Alameda, 2010 WL 4780291, at *9 (N.D. Cal. 2010) (granting county summary judgment on Unruh claim); cf. Wilkins-Jones v. Cnty. of Alameda, 859 F. Supp. 2d 1039, 1048-49 (N.D. Cal. 2012) (finding Unruh Act covers private business acting within a prison and denying private business' motion to dismiss claim).  Thus, plaintiff fails to state a claim under the Unruh Act.  Plaintiff should not include this claim in any amended complaint.

Second, plaintiff also fails to allege sufficient facts to support a claim under Civil Code § 51.7, also known as the Ralph Civil Rights Act.  Civil Code § 51.7 "creates the right to be free from any violence, or threat of violence, because of race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute[.]" Gatto v. County of Sonoma, 98 Cal. App. 4th 744, 758 n.10 (2002).  Plaintiff alleges no facts plausibly suggesting that any defendant used violence or a threat of violence against plaintiff based on one of the protected characteristics enumerated in that statute.  Accordingly, plaintiff's claim under Civil Code § 51.7 is dismissed and should not be included in an amendment.

////

Third, plaintiff fails to allege sufficient facts to state a plausible claim under California Civil Code § 52.1, also known as the Bane Act. Civil Code § 52, "which applies to both access to accommodation claims under § 51 and civil actions for denial of constitutional rights under §52.1," creates liability for actual and statutory damages and any attorney's fees determined by the court. Gatto, 98 Cal. App. 4th at 752-53. Civil Code § 52.1 "authorizes an action at law, a suit in equity, or both, against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal. 4th 329, 331 (1998); see Lyall v. City of Los Angeles, 807 F.3d 1178, 1184 (9th Cir. 2015) (noting that the Bane Act is "a California statute that provides a cause of action for persons deprived of federal or state constitutional rights by 'threat, intimidation, or coercion.'") (citing Cal. Civ. Code § 52.1(b)).

Under the Bane Act, "[a] plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015). "[A] wrongful arrest or detention, without more, does not satisfy both elements of section 52.1." Allen, 234 Cal. App. 4th at 67; see Lyall, 804 F.3d at 1196 ("Numerous California decisions make clear that a plaintiff in a search-and-seizure case must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act.") (citing Allen, 234 Cal. App. 4th at 67; Quezada v. City of Los Angeles, 222 Cal. App. 4th 993, 1008 (2014); Shoyoye v. County of Los Angeles, 203 Cal.App. 4th 947, 959-960 (2012)). "[C]onclusory allegations of 'forcible' and 'coercive' interference with plaintiffs' constitutional rights are inadequate to state a cause of action for a violation of section 52.1." Allen, 234 Cal. App. 4th at 69. In addition, "speech alone is not sufficient to support an action" under the Bane Act "except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." Allen, 234 Cal. App. 4th at 66 (citing Cal. Civ. Code

10

§ 52.1, subd. (j)).

As set forth above in addressing the potential Eighth Amendment failure to protect claim, plaintiff's allegations are too vague and conclusory to determine whether he can state a plausible claim under the Bane Act. It appears more likely that plaintiff may be able to allege facts stating an Eighth Amendment claim only against those defendants personally involved in the incident, rather than a claim under the Bane Act. However, in an abundance of caution, plaintiff is granted leave to amend in the event he can allege facts demonstrating a Bane Act violation.

### iii. Training

Finally, plaintiff alleges that multiple defendants failed to properly train employees or officers. (ECF No. 1-1 at 10.) Plaintiff asserts that defendants "provide training from a separate manual," "not accessible to the public," "which promotes the unnecessary use of force," and that "promotes a 'Code of Silence' among its members." (ECF No. 1-1 at 10.) Plaintiff argues that defendant CDCR failed to ensure that defendants met the training requirements set forth in the California Constitution, and the California Business and Professions Code, Code of Regulations, Penal Code, Civil Code, Government Code, and Health and Safety Code. (ECF No. 1-1 at 10.)

A local government entity may be held liable for a failure to train its employees only if "the failure to train amounts to deliberate indifference to the rights of persons" impacted by the inaction. City of Canton v. Harris, 489 U.S. 378, 388 (1989); see also Gausvik v. Perez, 239 F. Supp. 2d 1047, 1053-54 (E.D. Wash. 2002) (deliberate indifference a required element of a § 1983 claim for failure to train). In order to state a claim for failure to train, plaintiff must allege facts demonstrating that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 390. In other words, "for liability to attach . . . [,] the identified deficiency in [the] training program must be closely related to the ultimate injury. Thus . . ., [a plaintiff] must still prove that the deficiency in training actually caused the . . . officers' indifference" to the plaintiff's constitutional rights. See id. at 391.

////

11

Here, however, plaintiff alleges no facts to support his broad failure to train allegations. The complaint "does not identify what the training . . . practices were, how the training . . . practices were deficient, or how the training . . . practices caused [plaintiff's] harm." See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Gausvik, 239 F. Supp. 23 1053-54 (emphasizing the importance of establishing that the alleged deficiency in training actually caused the injury). More importantly, plaintiff has failed to plead any "factual content" from which the court could reasonably infer that defendants' purported failure to train evidenced a "deliberate indifference" to plaintiff's constitutional rights. See Iqbal, 556 U.S. at 678; see also City of Canton, 489 U.S. at 389, 391. Therefore, the allegations of the complaint are insufficient to state a claim upon which relief may be granted against defendants based on any alleged failure to train. See Iqbal, 556 U.S. at 678-79 (legal conclusions must be supported by factual allegations); Dugherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (finding that plaintiff's conclusory allegations "lack any factual allegations that would separate them from the 'formulaic recitation of a cause of action's elements' deemed insufficient by Twombly."). Conclusory assertions that supervisory defendants failed to properly train staff will not support a cognizable claim for relief under 42 U.S.C. § 1983. Crowley, 734 F.3d at 977, Lemire, 726 F.3d at 1074-75; see also Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (allegations of an isolated instance of a constitutional violation are insufficient to support a "failure to train" theory).

D.  CDCR

The claims pled against the CDCR are unavailing because the CDCR is immune from suit under the Eleventh Amendment. The CDCR is not a "person" subject to suit under 42 U.S.C. § 1983. See Brown v. California Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."). The Eleventh Amendment has been interpreted to preclude suits brought by citizens against their own state as well. Pennhurst State

Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99, 104 S. Ct. 900 (1984).  It also bars a federal district court from exercising supplemental jurisdiction over claims brought against a state based on state law.  Id. at 120-21 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").  Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own.  Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974).

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state and there is no exception present here.  Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citing Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)) (quotation marks omitted).  Accordingly, plaintiff should refrain from naming the CDCR as a defendant in connection with such claims in his amended complaint.

E.  Doe Defendants

Plaintiff names Doe Defendants 1 to 50 in his complaint.  Plaintiff is advised that unidentified, or "Doe" defendants must be named or otherwise identified before service of process can go forward.  "As a general rule, the use of 'John [or Jane] Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  John Doe or Jane Doe defendants cannot be served by the United States Marshal until plaintiff identifies them as actual individuals and amended his pleading to substitute names for John Doe or Jane Doe.  For service to be successful, the Marshal must be able to identify and locate defendants.

However, the Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).

Here, plaintiff does not identify each defendant doe and his or her alleged act committed which plaintiff contends violated his constitutional rights.  This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his rights.  In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation

of plaintiff's rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that each doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

IV. Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  June 6, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gray0728.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRAY, | No. 2:16-cv-0728 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| B. BJORNSEN, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　　　　_____　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff